A. N. FRYER, Appellee, v. NEW YORK BROKERAGE COMPANY and M. L. URDANGEN, Appellants.

**Master and servant:** EVIDENCE: ADMISSIONS. On an issue as to
1 whether plaintiff was employed by defendant in his store, advertisements prepared by defendant naming plaintiff as his sales manager should be regarded as in the nature of an admission of the employment. Evidence held sufficient to authorize recovery for services.

**Accounting:** APPEAL: JUDGMENT. A party who does not appeal from
2 a judgment in his favor can not be allowed by the appellate court more than the amount of the judgment. And where it appears on appeal, in a suit for an accounting, that plaintiff is entitled to more than the amount awarded him, after allowing to defendant the full amount of his claims, the judgment will be affirmed.

*Appeal from Cerro Gordo District Court.*—HON. J. F. CLYDE, Judge.

WEDNESDAY, NOVEMBER 15, 1911.

Suit in equity for an accounting of an alleged partnership and for the recovery of money had and received, and for the value of alleged services. The answer contained a general denial and a counterclaim for money loaned. There was a decree for the plaintiff for $1,247. Defendants appeal.—*Affirmed.*

*Blythe, Markley, Rule & Smith,* for appellants.

*Cliggit, Rule & Smith,* for appellee.

Evans, J.—The New York Brokerage Company is a mere name under which the defendant, M. L. Urdangen, does business. Urdangen will therefore be referred to herein as the sole defendant. The plaintiff alleged in his petition that on or about January 26, 1909, he delivered to the defendant $1,400, which was to be returned by the defendant upon thirty days' notice. He also alleged that he worked for the defendant for two and one-half months in his store at Mason City, at an agreed wage of $100 per month. He further alleged that, as a part of the same agreement with defendant, they mutually agreed to engage in partnership in the purchase and sale of stocks of goods, and that shortly thereafter the defendant purchased a stock of goods at Malcolm, Iowa, which he afterwards sold at a profit of $1,200. He prayed an accounting and that he be awarded $600 as his share of the profits. The defendant answered with a general denial and some admissions. He admitted the receipt of $1,400. He denied all other allegations of the petition. He alleged, also, that he returned to the plaintiff $100 of the amount in his hands, and that he returned also certain certificate of deposit of $300. By way of counterclaim he alleged that he had loaned to the plaintiff various sums as follows: June, 1906, $200; September, 1906, $300; June, 1908, $10; February, 1909, $6.50. He also alleged that the plaintiff had received

certain goods from his store of the aggregate value of
$60.50. By way of reply the plaintiff admitted the loan
of $200, but averred its payment. He denied all other
alleged loans. He admitted the receipt of a part only of the
goods charged against him in the counterclaim, and averred
the total value of the goods received to be $19.01.

The case presents to us questions of fact only. The
principal testimony is that of the parties themselves. It is
difficult to say which of the two is the most unworthy of
credit. The plaintiff is the brother of the defendant's wife.
He has had a varied experience in different lines of busi-
ness. He has had a limited experience in merchandising.
For the last three or four years, however, before he came to
the defendant, he was engaged in the liquor business. While
working for the defendant he was engaged in negotiations
for the purchase of an interest in a vaudeville theatre. As
to some of the items in controversy, we will not take the
space to discuss the evidence. The plaintiff's claim of part-
nership in the Malcolm stock is not proved. We find no
merit in any of the items of the counterclaim, except the
claim for goods received and the item for $10 for money
loaned.

Turning to the petition, it is undisputed that the
defendant did receive of the plaintiff $1,400 and that $300
thereof was later returned in the form of a certificate of
deposit, such return being made during trial. It is also
undisputed that the plaintiff received from the defendant
$100 in April, 1909. The plaintiff claims, however, that
such sum was paid upon his wages, whereas defendant
claims that it was a partial return of the money in his
hands.

The difficult question in the case is to determine
whether the plaintiff is entitled to recover the item for
wages claimed by him. The evidence of the parties is in
direct conflict. Were it not for one item of the evidence, we
would be disposed to find a failure of proof. It appears,

however, that during the period referred to the defendant

**1. MASTER AND SERVANT: evidence: admissions.** held three "special sales" on different dates. These were separately advertised, and in each case the plaintiff was named as the "sales manager." These advertisements were prepared by the defendant. We think that they must be regarded now as in the nature of admissions by the defendant that the plaintiff was in his employ. The defendant operated a store at Mason City. Plaintiff's alleged services were rendered in such store. An important part of defendant's business consisted in buying bankrupt stocks. His method of operation was to sell as much of the stock so purchased as possible at the place of purchase, and then to ship the remainder to his store at Mason City. During a considerable part of the time for which the plaintiff claims wages, the defendant was absent at Malcolm, looking after one of such stocks. The defendant denies that he ever employed the plaintiff at all. His conduct is inconsistent with such denial, and we find against him at this point. We do not find it easy to believe that the defendant agreed to pay the plaintiff $100 per month as wages, but we must find that he agreed either expressly or impliedly to pay him something. If the defendant could have made his denial less sweeping and could have told us his version of what the agreement of employment really was, we might have reached a more satisfactory conclusion at this point. We feel compelled to say that there is some preponderance of evidence in the plaintiff's favor upon this item.

Turning to the counterclaim, we think the preponderance is with the defendant on the item of $10. It is undisputed that the defendant paid such item. The claim

**2. ACCOUNTING: appeal: judgment.** of the plaintiff that it was paid upon a pre-existing debt is not proved. The claim of $60.50 for goods received by the plaintiff presents some difficulty. Only the parties themselves testify on this item. We are impressed that the defendant

claims too much and the plaintiff concedes too little. In view of our conclusions already announced, it becomes unnecessary for us to find definitely upon it. If the full amount claimed by defendant were allowed, it would still leave a recovery to the plaintiff of about $1,250 as of the date of the trial below and including one year's interest. The amount allowed by the trial court is $1,247.

The plaintiff has not appealed, and he cannot recover a larger judgment here than he obtained in the court below. It is sufficient to say, therefore, that he is entitled to the amount awarded him by the trial court.

The decree entered below is therefore *affirmed*.